Judex VITAL and Stuart Jean Sanon, Plaintiffs–Appellants,

v.

State of NEW YORK, State of New York Department of Public Safety, State University of New York at Old Westbury, Basil Karageorge, Shield 115, individually, and in his official capacity, John Grimaldi, individually and in his official capacity, Department of Public Safety Officer "John Doe," individually, and in his official capacity, and Dax Church, Defendants–Appellees.

No. 04–2289.

United States Court of Appeals, Second Circuit.

June 17, 2005.

Bruce A. Barket, Garden City, NY, for Petitioner.

Julie Loughran, Assistant Solicitor General (Robert H. Easton, Senior Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York, on the brief), New York, NY, for Respondent, of counsel.

PRESENT: CABRANES, RAGGI, Circuit Judges, and SAND Judge.*

## SUMMARY ORDER

Plaintiffs Judex Vital and Stuart Jean Sanon brought the present action on October 12, 2000, alleging that they were "subjected to a series of unlawful measures by [defendants], including interrogation, an illegal identification line-up, and a strip search," after being "wrongly accused of being involved in a physical altercation which took place in the cafeteria at the State University of New York, Old Westbury campus" on October 16, 1997. In a Memorandum of Decision and Order dated March 31, 2004, the District Court, finding that defendants were entitled to judgment as a matter of law, granted defendants' motion for summary judgment and denied plaintiffs' motion to file an amended complaint.

On appeal, plaintiffs argue that the District Court erred in granting defendants' motion for summary judgment "because there exist issues of material fact which could only be resolved by a trier of fact, not by the Court." Specifically, plaintiffs contend that there are genuine issues of material fact with respect to whether the individually-named defendants, Officers Basil Karageorge and John Grimaldi, either (1) were directly involved in the alleged violations of plaintiffs' constitutional rights or (2) otherwise proximately caused the violations by failing to intercede on plaintiffs' behalf although they, defendants, knew that the violations were taking place.

Both Karageorge and Grimaldi provided sworn affidavits to the Court in which they stated that they neither participated in, nor were they aware of, the strip search or the allegedly illegal line up. Karageorge

---

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

and Grimaldi further stated that their superior, Lieutenant Eugene Davis, who was not named in plaintiffs' complaint, took the lead role in plaintiffs' arrest and interrogation.

Plaintiffs have not pointed to any facts in the record which directly dispute defendants' specific denials of involvement. Moreover, plaintiffs concur that it was Lieutenant Davis, and not Karageorge or Grimaldi, who conducted both the lineup and the search of plaintiffs' persons.

■ Notwithstanding plaintiffs' conclusory assertions to the contrary, neither the fact that the names of Karageorge and Grimaldi appear on the arrest paperwork, nor the fact that Karageorge is listed as the "arresting officer," creates a genuine issue as to the level of Karageorge's or Grimaldi's involvement. As the District Court noted, the arrest paperwork "does not indicate that either Karageorge or Grimaldi were involved in Plaintiffs' initial apprehension, or subsequent abuse." In addition, Karageorge specifically stated that he only prepared the arrest report at the behest of Lieutenant Davis and "had no involvement in [the] alleged illegal activity."

Because plaintiffs failed to point to evidence from which a rational factfinder could conclude that Karageorge and Grimaldi violated, directly or indirectly, plaintiffs' constitutional rights, the District Court properly granted defendants' motion for summary judgment. *See Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir.2003) ("Federal Rule of Civil Procedure 56(c) requires a court to grant a motion for summary judgment whenever it determines that there is no genuine issue

of material fact to be tried. . . . A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.") (internal citations and quotation marks omitted).

■ Plaintiffs' second argument on appeal—that the District Court abused its discretion in denying plaintiffs' motion to amend their complaint to name Lieutenant Davis as a defendant under Federal Rule of Civil Procedure 15(c)—is similarly without merit.

It is undisputed that the statute of limitations for commencing the present lawsuit expired on October 16, 2000. Accordingly, plaintiffs can only amend their complaint to include Lieutenant Davis if their claims relate back to the original timely complaint under Rule 15(c). *See* Fed.R.Civ.P. 15(c) ("An amendment of a pleading relates back to the date of the original pleading when . . . [*inter alia*] the party to be brought in by amendment . . . knew of should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."); *see also In re Enterprise Mortgage Acceptance Co., LLC, Securities Litig.*, 391 F.3d 401, 405 n. 2 (2d Cir.2004) ("By its terms, Rule 15(c) applies in the context of a mistake.").

Plaintiffs allege that their "omission of Lieutenant Davis as an original defendant was clearly a mistake" and that "they were not aware of Lieutenant Davis's identity at the time the original cause of action commenced." Assuming *arguendo* that plaintiffs were ignorant of Lieutenant Davis's name at the time they filed this action, and that they so alleged in their motion to the District Court,[1] their failure to name Lieu-

---

1. In their original motion to amend their complaint, it is not clear that plaintiffs specifically alleged that they made a mistake of law or a mistake of fact in naming Karageorge and Grimaldi rather than Lieutenant Davis. In fact, plaintiffs' attorney averred that "Lieu-

tenant Davis was so instrumental in contributing to Plaintiff's injuries that he was the only officer [plaintiffs] encountered on October 16, 2003, whose name they remembered." If plaintiffs specifically knew Lieutenant

**396**

tenant Davis in their original complaint would still not entitle them to the amendment they seek. *See Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 470 (2d Cir.1995) ("Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities .").

The District Court, consequently, did not err in denying plaintiffs' motion to amend their complaint.

\*   \*   \*   \*   \*   \*

We have considered each of the plaintiffs' arguments and have found each of them to be without merit. The judgment of the District Court is therefore AFFIRMED.

Davis's name, their failure to name him in their complaint plainly cannot be construed

as a "mistake concerning [Lieutenant Davis's] identity."